WILLIAM COOPER, *Appellee*, v. W. B. CROSSAN,
*Appellant.*

No. 16,451.

1. FRAUD—*Sale of Stock.* In an action to recover damages for
fraud in the sale of stock of a corporation a judgment for
the plaintiff was affirmed.

2. PRACTICE, SUPREME COURT — *Abstract of Record — Findings
and Evidence.* A claim that a finding was not supported by
evidence not sustained, the abstract being insufficient to en-
able a reviewing court to determine whether there was evi-
dence to support the finding.

Appeal from Miami district court. Opinion filed
July 9, 1910. Affirmed.

*Alpheus Lane,* for the appellant.

*Frank M. Sheridan,* for the appellee.

*Per Curiam:* This action was to recover damages
for fraud in the sale of shares in the capital stock of
the Paola Canal and Industrial Company. The find-
ings and judgment were for the plaintiff, Cooper. The
defendant, Crossan, appeals.

The defendant's abstract does not state the nature
of the fraud alleged in the petition, therefore the bear-
ing of the evidence abstracted does not appear. It is
stated in the abstract that the witnesses for the de-
fendant "show that the holdings of this company is and
was one of the best propositions in the country." Then
follow the statements of a witness that he would con-
sider the plant one of the best in the country, that it
could water 8000 or 9000 acres, and that the average
yield of rice is seven or eight sacks per acre, worth on
an average $3.50 per sack, one-fifth of which goes to
the water company. The statement of another wit-
ness that the property of the company was worth
$65,000 is given, and also an excerpt from the com-
pany's charter authorizing the issuance of preferred

stock, upon which dividends of seven per cent per annum are to be paid out of net earnings; and in winding up the affairs of the company the preferred stock is made a first lien on all its property. All this may be true, and yet the defendant may have made a fraudulent sale of the stock.

No other evidence than that above referred to was abstracted, except the testimony given by the defendant himself, and there is no statement that all the evidence upon the issue or upon any issue is abstracted. Nor is it stated what the issues were, except the general statement that the petition charged that the defendant had committed a fraud in selling the stock. The abstract says that "there is no evidence to sustain such an allegation," *i. e.*, the allegation of fraud in the sale of the stock. This is insufficient. Rule 9 of this court provides:

"A party need not include in his abstract . . . all the evidence in order to support a claim on his part that it does not show or tend to show a certain fact, but when such a question is presented the adverse party shall print so much of the evidence as he claims to have that effect."

This rule was commented on and its application illustrated in *Railway Co. v. Conlon,* 77 Kan. 324, but the court said:

"It will be observed that the portion of the rule quoted speaks of 'a certain fact.' Its application is obvious where it is claimed, for example, that evidence of a demand or of a notice is wanting. If, however, the general claim be made that a verdict or decision is unsupported by the evidence, and a consideration of the evidence is necessary to determine the question, the evidence must be abstracted by the party making the claim. . . . If in consequence of a demurrer to the evidence or a motion for a peremptory instruction it be necessary to consider the evidence generally in order to determine its legal sufficiency, the party asserting its insufficiency must abstract it. But if the claimed defect lie in the failure to prove some certain

fact essential to recovery the application of the rule made in the present controversy will govern." (pp. 329, 330.)

The abstract does not enable us to determine that there was no evidence to sustain the findings. We can not pass upon the weight of conflicting evidence.

It is not meant that a copy of the evidence should have been set out, but an abstract is required as stated in the Conlon case. If it had been stated that the claim of the plaintiff was based on false representations and what the representations were, and an abstract of the testimony relating to the representations and their falsity had been made, it would have been sufficient. Or if, after abstracting the evidence concerning the representations, it had been stated that no evidence was given tending to show their falsity, or that only the evidence abstracted was given affecting that matter, then it would have devolved upon the other party to abstract any evidence, or additional evidence, claimed to show such falsity.

The defendant's brief alleges error in the admission of a deposition, and of other testimony, but there is no abstract of any proceeding concerning the deposition. Neither is the testimony objected to abstracted.

The principal contention of the defendant is that the evidence does not support the finding made against him, but as this does not appear from his own abstract, nor from the counter abstract filed by the plaintiff, it must be presumed that such evidence was received, and the judgment is affirmed.